## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PRASAD DNYANOBA REWANWAR,
S.R., a minor by his Next Best Friend, Prasad Dnyanoba Rewanwar,
and S.R., a minor by his Next Best Friend, Prasad, Dnyanoba Rewanwar,

      Plaintiffs,

    v.                                  Case No. 12-C-223

WISCONSIN SUPREME COURT,
WAUKESHA COUNTY CIRCUIT COURT,
WISCONSIN COURT OF APPEALS,
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
WISCONSIN,
JUDGE MARK GUNDRUM,
TIMOTHY SUHA, sued as Office of DA,
MARK POWERS,
JUDGE J.P. STADTMUELLER,
CHIEF JUDGE CHARLES N. CLEVERT,
STATE OF WISCONSIN,
ASHWINI ASHOK SAMMANWAR,
UNITED STATES SUPREME COURT,
UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT,
A. JOHN VOELKER, Director of State Courts, Wisconsin,
KEVIN C. POTTER, Assistant Attorney General, Wisconsin,
DAVID C. RICE, Assistant Attorney General, Wisconsin,
JUDGE MAC DAVIS, Chief Judge, Waukesha County Circuit Court,
JUDGE LINDA VAN DE WATER, Circuit Court Judge,
KATHRYN W. FOSTER, Circuit Court Judge,
JODY L. USOW, Hickey, Turim & Usow, S.C.,
ATTORNEY SIDNEY SODOS, Machulak, Robertson & Sodos, S.C.,
ATTORNEY BARBARA BURBACH,
BROOKFIELD POLICE DEPARTMENT,
DR. ELLEN STERN, DR. JOHN NESSETH, and TIMOTHY RILEY,

      Defendants.

---

## DECISION AND ORDER

---

On March 5, 2012, the plaintiff, Prasad Dnyanoba Rewanwar, filed a lawsuit against

multiple defendants.[1]  The complaint is unclear, written as a series of dates and questions.

Thus, it is difficult for this court to decipher the plaintiff's exact claims.  However, it is clear

that the claims relate to state criminal and family court matters involving the plaintiff.  It also

appears that the plaintiff is asserting an immigration claim that is related to the ongoing

state criminal matter.  From what this court is able to glean from the complaint and related

filings, it appears that the plaintiff's application for naturalization was denied because he did

not submit certain required documents.  The plaintiff contends that the denial was incorrect.

 He maintains that the state denied him access to the required documents because the

documents are relevant to the ongoing criminal case against the plaintiff.

The plaintiff has filed numerous motions, including a motion to stay (Docket #3), a

motion for order (Docket #5), a motion to file by fax and for a jury (Docket #6), a notice of

motion for an order to show cause (Docket #8), and a motion for a temporary restraining

order (Docket #9).[2]

Since January 20, 2012, the plaintiff has filed a number of cases in the district court

and in the United States court of appeals for this circuit.  Specifically, the plaintiff has filed

fifteen cases with the United States District Court for the Eastern District of Wisconsin, all of

which have been dismissed for lack of subject matter jurisdiction.  See Case Nos. 12-C-61,

12-C-63, 12-C-67, 12-C-75, 12-C-77, 12-C-78, 12-C-97, 12-C-98, 12-C-99, 12-C-101, 12-

C-102, 12-C-103, 12-C-104, 12-C-110, and 12-C-116.

As of March 26, 2012, he had filed 21 appeals with the United States court of

---

[1]  The plaintiff amended the defendant list on March 30, 2012.  The caption to this decision and order incorporates the newly-added defendants.

[2]  The plaintiff also has filed a motion to proceed in forma pauperis.  (Docket #2).  Subsequently, however, the plaintiff paid the filing fee.  Therefore, the motion to proceed in forma pauperis is moot.

appeals for this circuit. On that date, the court of appeals issued an order in which it dismissed six of those appeals and affirmed the final orders of the district court dismissing the fifteen complaints for lack of jurisdiction. See Court's Order of March 26, 2012, in Case Nos. 12-1306, 12-1307, 12-1308, 12-1309, 12-1310, 12-1311, 12-1442, 12-1443, 12-1444, 12-14445, 12-1446, 12-1447, 12-1448, 12-1448, 12-1449, 12-1450, 12-1458, 12-1459, 12-1460, 12-1461, 12-1462, and 12-1463 (Court of Appeals' Order of March 26, 2012). The plaintiff also has another case currently pending before this court.

The plaintiff has been warned repeatedly regarding the abusive nature of his filings. Chief United States District Judge Charles N. Clevert found that the plaintiff's filings have "abused and impeded the functioning of this court." (Court's Orders of February 10, 2012, in Case Nos. 12-C-97, 12-C-98, 12-C-99, 12-C-101, 12-C-102, 12-C-103, 12-C-104, 12-C-110, and 12-C-116). Judge Clevert ordered that the plaintiff be "enjoined from filing additional cases in this court that raise any of the claims he has asserted in this case." Id. On March 26, 2012, the Court of Appeals for the Seventh Circuit warned that "any future attempts to file new actions relating to the matters raised in the underlying cases and these appeals may result in the imposition of monetary sanctions and/or a filing bar." (Court of Appeals' Order of March 26, 2012, at 4). On March 30, 2012, United States District Judge J.P. Stadtmueller imposed monetary sanctions and directed the Clerk of Court to mark "unfiled" and return any papers that the plaintiff attempts to file in this district until the plaintiff has paid the sanctions. See Court's Orders of March 30, 2012, in Case Nos. 12-C-61, 12-C-63, 12-C-67, 12-C-75, 12-C-77, and 12-C-78. Judge Stadtmueller also ordered the plaintiff to pay the $350.00 filing fee in all cases for which the plaintiff had not yet done so. See Court's Orders of March 30, 2012, in Case No., 12-C-63, 12-C-67, 12-C-75, 12-C-

77, and 12-C-78.

Based on a review of the complaint in this case, this court finds that the present action raises all but one of the same claims as the plaintiff raised in the previous cases. Judge Clevert has enjoined the plaintiff from filing any new cases which raise these claims. Therefore, the court will not consider those claims. However, the plaintiff raises one new claim in this complaint, namely, the claim regarding his immigration status. This claim appears to be inextricably tied to the ongoing state criminal matter, as the plaintiff asserts that his naturalization application was denied because the police department would not provide certified copies of his police records because the criminal case is still open. Thus, the court must abstain from taking jurisdiction over this claim because it may interfere with or interrupt the ongoing state matter.[3] Younger v. Harris, 401 U.S. 37 (1971). For this reason and because the plaintiff has been enjoined from filing any cases which raise the same claims as those raised in his other cases in this district , the case must be dismissed. This court warns the plaintiff again that continued filings may result in additional sanctions and/or a filing bar.

---

[3] Even if the Younger abstention did not bar this court from exercising jurisdiction over the immigration claim, it does not appear that this court has jurisdiction. This court only has jurisdiction to review an application for naturalization in limited circumstances. The court has jurisdiction when an application has been denied after a hearing before an immigration officer. 8 U.S.C. § 1421(c). While the complaint mentions that a hearing was scheduled in the naturalization matter, it does not state when the hearing was scheduled or whether it occurred – it appears that the hearing may have been rescheduled in light of the pending criminal trial. Alternatively, pursuant to 8 U.S.C. § 1447(b), the court has jurisdiction to review an application for naturalization if there has been no decision within the 120-day period after the date of the examination required by 8 U.S.C. § 1446. There is no indication in the complaint that 120 days has passed since examination of the application without a decision. Therefore, it does not appear that this court has jurisdiction over the immigration claim regardless of the Younger abstention.

4

**Order**

        **NOW THEREFORE, IT IS ORDERED** that this case be and hereby is **dismissed**.

        **IT IS FURTHER ORDERED** that the plaintiff is **enjoined** from filing additional cases

in this court that raise any of the claims he has asserted in this case.

        Dated at Milwaukee, Wisconsin, this <u>2nd</u> day of April, 2012.

                        BY THE COURT:

                        <u>s/Patricia J. Gorence</u>
                        Patricia J. Gorence
                        United States Magistrate Judge